STATE EX REL. MARYLAND CASUALTY COMPANY v.
DISTRICT COURT OF HENNEPIN COUNTY AND ANOTHER.

(LeBARON v. CURTIS HOTEL COMPANY AND APARTMENT
HOUSE CONSTRUCTION COMPANY.[1])

May 17, 1918.

No. 20,889.

**Workmen's Compensation Act — evidence — findings sustained.**
> Testimony considered and found to be sufficient to justify the find-
> ings of the trial court, and that there were no prejudicial errors in the
> rulings on the admissibility of evidence.

Upon the relation of the Maryland Casualty Company the supreme
court granted its writ of certiorari directed to the district court for
Hennepin county and Honorable Charles S. Jelley, one of the judges
thereof, to review the proceedings in that court under the Workmen's
Compensation Act for the death of George O. LeBaron, employee. Af-
firmed.

*Barrows & Stewart,* for appellant.

*George R. Smith, H. Stanley Hanson* and *Leo J. Gleason,* for re-
spondent.

QUINN, J.

This is a proceeding under section 8225, G. S. 1913, to determine
what compensation, if any, George O. LeBaron, now deceased, was en-
titled to under chapter 84A, of the statute, for injuries sustained by
accident on January 3, 1917.

The cause was tried to the court in July. Within two days after
the trial was completed and before the decision was filed, LeBaron
died, and his widow was substituted as plaintiff. In its decision the
court found that on January 3, 1917, and for several years prior thereto,
LeBaron had been in the employ of the defendant as night watchman
at its apartment house; that on that day while at work in the course

[1]Reported in 167 N. W. 1039.

of his employment, carrying some letters from the desk in the apartment house to the mail box on the sidewalk, LeBaron slipped on the topmost step of a flight of 6 stone steps leading from the apartment, and fell to the sidewalk, a distance of several feet, thereby accidentally injuring his left knee, hip and back; that immediately thereafter he felt considerable pain in his knee and a dull pain in his back in the region of his kidneys, which continued to the time of the trial; that the injuries from the fall caused a gradual impairment of his health and that acute nephritis developed from such injuries, resulting in his permanent total disability, and ordered judgment for the plaintiff. The case was brought to this court for review by certiorari.

The defendant contends that the findings of fact made by the trial court are not justified by the evidence, and that the court erred in its rulings on the admissibility of evidence to the prejudice of defendant.

It appears from the record that decedent, prior to the trial, was, by order of the court, required to submit to an examination by a physician other than one of his own choosing. After making such an examination the physician was called and testified as a witness on behalf of defendant, to the effect that he examined the decedent on June 27 for the purpose of learning his trouble and the cause thereof, and that after so doing he was of the opinion that the man was not suffering from acute Bright's disease, or nephritis, but that he had chronic Bright's disease, and that he did not think the accident had anything to do with causing it; that he found him in such a state that he did not think that the disease could have developed since January 3; that he must have had it before. Defendant insists that the doctor, having been appointed by the court, was, practically speaking, an officer of the court, and that while the court was not bound by his opinion, yet it was bound by his testimony, unless there was some judicial reason for disregarding it and substituting the opinion of another physician of equal standing and ability. We are unable to agree with counsel in this contention.

The testimony is conflicting as to decedent's trouble and the cause thereof. Two qualified witnesses testified as physicians on the part of the defendant, and one on the part of plaintiff, and their testimony materially differed as to the probable cause of decedent's trouble. Dr.

Reginald Platt also testified along the same line. He is a graduate of the American School of Osteopathy at Kirksville, Missouri, and duly licensed to practice osteopathy in this state, and had practiced his profession for some 6 or 7 years. He had attended and treated decedent from March 12 to the time of the trial, and was competent to testify. What disease decedent was suffering from and the probable cause thereof were, under the evidence, questions of fact for the court, and the findings thereon have the force and effect of the verdict of a jury. The court, having had the witnesses before it and having heard all the testimony, found the facts in favor of respondent, and as the inferences necessary to such findings are justified by the evidence, these findings should not be disturbed.

The following questions were asked Dr. Platt:

"Q. Doctor, from that state of facts and from the examination you have made and from your knowledge of the case are you able to give an opinion as to the probable cause of the acute nephritis from which Mr. LeBaron is now suffering?" This question was objected to "as incompetent, irrelevant, immaterial, calling for the conclusion of the witness who isn't qualified to testify as an expert on this subject, and on the further ground that the statement isn't a full statement of the evidence." The objection was overruled. "A. I consider that I have an opinion as to the probable cause of his present condition. Q. You may state it. A. From the history of the fall and the condition that I found existing in the area through (which) the nerve supply to the kidney and to the suprarenal gland is derived it is my fixed opinion that his present condition is the result of a traumatic injury to the tenth, eleventh and twelfth thoracic segments of the spine and to the contiguous tissues."

It is urged that the question assumes as a fact the existence of acute nephritis, which was the main issue upon the trial. While this assumption is clear and the question, for that reason, in bad form, yet the objection does not cover this phase of the question and the answer given was not prejudicial to the rights of the defendant. It was based upon the history of the case, the fall, and the condition which the witness found existing with the decedent without any apparent thought of the objectionable part of the question.

We have considered all of the other objections stated and the rulings thereon, and find no prejudicial error. The order of the trial court is affirmed.